Brenton R. Babcock (SBN 162,120)
bbabcock@kmob.com
Nicholas M. Zovko (SBN 238,248)
nicholas.zovko@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
T: (949) 760-0404; F: (949) 760-9502

Attorneys for Plaintiffs
ÖSSUR HF and ÖSSUR AMERICAS, INC.


Thomas J. Friel, Jr. (SBN 80,065)
tfriel@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
T: (415) 693-2000; F: (415) 693-2222

James P. Brogan (SBN 155,596)
jbrogan@cooley.com
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
T: (720) 566-4000; F: (720) 566-4099

Christopher C. Campbell
(*admitted pro hac vice*)
ccampbell@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
T: (703) 456-8000; F: (703) 456-8100

Attorneys for Defendant
IWALK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ÖSSUR HF, an Icelandic limited liability company, and ÖSSUR AMERICAS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>IWALK, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV11-01759 JST(MLGx)<br><br>**[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Hon. Josephine Staton Tucker<br>Hon. Marc L. Goldman<br><br>DISCOVERY MATTER |

# STIPULATED PROTECTIVE ORDER

Plaintiffs ÖSSUR HF and ÖSSUR AMERICAS, INC. (collectively, "Össur") and Defendant IWALK, INC. ("iWalk"), agree that disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Such information likely will include, among other things, sensitive product information, product design and development materials, engineering materials, strategic decision-making information, marketing and sales information, purchase orders, invoices, and customer information relating to bionic prosthetic products (collectively, the "Sensitive Information").

## GOOD CAUSE STATEMENT

Össur and iWalk (collectively, the "Parties," or singularly, a "Party") respectfully believe that good cause exists to enter the instant Protective Order in order to protect the Sensitive Information from public disclosure.   The Sensitive Information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace.

For example, the Parties agree that disclosure and discovery activity in the above-captioned action will include technology embodied in iWalk's PowerFoot BiOM product, which iWalk contends includes Sensitive Information such as proprietary technical information, product design and development materials, source code, and engineering materials.  Össur contends that disclosure and discovery activity in the above-captioned action will include information relating to Össur's PROPRIO FOOT® product, which Össur contends is a commercial embodiment of one or more claims of the asserted patents and which Össur contends includes Sensitive Information such as

-1-

proprietary product design and development materials.  In addition, the Parties agree that disclosure and discovery activity in the above-captioned action will include proprietary financial information, including Sensitive Information such as sales information and market share data, relating to iWalk's PowerFoot BiOM and Össur's PROPRIO FOOT®.

The Parties are competitors in the design, manufacture, and sale of bionic prosthetic products for the lower leg.  Due to the competitive relationship between the Parties, it is highly likely that disclosure of the Sensitive Information of one Party, especially that Party's product design, development, financial, sales, and customer information regarding bionic prosthetic products, will provide an improper or unlawful competitive advantage to the other Party. This Protective Order is necessary to prevent such harm to each of the Parties. The Parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect the Sensitive Information from public disclosure.

IT IS HEREBY STIPULATED and agreed by and between counsel for the Parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

## DEFINITIONS

1.    The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, hearing testimony, deposition testimony, and transcripts of trial testimony, hearings, and depositions, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in accordance with Paragraph 8, by any Party or witness to which it belongs.  Confidential Information shall not include any information, document,

or thing which: (a) at the time of disclosure hereunder is available to the public; (b) after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving Party; or (c) the receiving Party can show the information, document, or thing (i) was already known to the receiving Party; (ii) was independently developed by the receiving Party; or (iii) was received by the receiving Party, after the time of disclosure hereunder, from a non-party having the right to make such disclosure.

2.     The terms "material" and "materials" shall include, but shall not be limited to:   documents; correspondence; memoranda; e-mail messages; bulletins; specifications; customer lists or other materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; source code; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3.     The terms "discovery material" and "discovery materials" shall include all deposition testimony, all transcripts and other written or oral recordings of deposition or pre-trial testimony, all answers, documents, and other discovery materials produced in response to notices of depositions, interrogatories, requests for admissions, requests for production of documents and things, or subpoenas in this action, as well as all information thereby disclosed or communicated, all copies and summaries thereof, and all references thereto.

4.     The term "counsel" shall include outside counsel of record, and other attorneys, paralegals, assistants, summer associates, and other support

staff employed in the law firms of  KNOBBE, MARTENS, OLSON & BEAR, LLP and COOLEY LLP who do not prosecute patents for any Party (see Paragraphs 35 and 36 below).

### GENERAL RULES

5.     This Protective Order shall govern all disclosures of discovery materials made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

6.     All materials and discovery materials containing Confidential Information shall be used solely in connection with this litigation and not for any other purpose.  All materials and discovery materials whose disclosure is restricted by this Protective Order shall not be disclosed to anyone except as provided herein.

7.     This Order shall not bar counsel (as defined in Paragraph 4) in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Confidential Information produced by another Party.

### Designation of Materials

8.     Each Party or witness to this litigation that produces or discloses any materials, discovery materials, or information that the producing Party or witness reasonably believes in good faith should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" as follows:

(a)     Designation as "CONFIDENTIAL":  A party or non-party may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information which contains trade secrets or other confidential research, development, or commercial information that the disclosing

party reasonably believes in good faith would have a high likelihood of causing competitive harm to the disclosing party if it were publicly disclosed, and which is to be disclosed or produced to a party in this action.

(b)     Designation as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY":   A party or non-party may designate as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," in whole or in part, any material which contains highly confidential information that the producing party or non-party reasonably believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under Paragraph 13 would have a high likelihood of causing serious competitive harm to the disclosing party if it were publicly disclosed, and which is to be disclosed or produced to a party in this action.   Examples of such "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material may include the following, in accordance with the conditions of Paragraphs 1 and 8(b):  trade secrets; research and development information; engineering drawings, software code, source code, or test data; existing and potential customer information; sales, revenue, margins, profit, or cost of production information; performance data and projections; business strategies, decisions, or negotiations; and employee personnel files.

(c)     Documents containing Confidential Information shall be so designated by stamping or marking copies of the document produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" (whichever notation is appropriate pursuant to the other provisions herein) on each page of the document, preferably in the lower right-hand corner of the document, or as close thereto as feasible.  In the event that only selected pages of a

bound multiple-page document are stamped or marked with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend (e.g., responses to discovery requests), the first page of the bound document shall also be stamped with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend to prevent inadvertent disclosure of the contents of the document which contain Confidential Information.   When an electronic file is produced in its native format, the disclosing Party shall include the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend in the title of the electronic file, on the cover of any disc containing the electronic file, and in a cover letter or e-mail accompanying production of the electronic file to prevent inadvertent disclosure of the contents of the electronic file which contain Confidential Information.

9.    No Party shall be responsible to another Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

10.    Care shall be taken by the producing Party or witness to use the designation "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" only where the producing Party or witness and its counsel have a reasonable and good faith belief that such protection is needed.

**Persons Who May View Designated Materials**

12.    Information designated "CONFIDENTIAL" shall be viewed only by the following persons:

(a)   the Court, court personnel, court reporters, and other persons connected with the Court;

(b)   counsel (as defined in Paragraph 4) of the receiving Party;

/ / /

(c)   independent experts or consultants under the conditions set forth in Paragraph 15;

(d)   officers, directors, in-house counsel, or employees of each Party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action, who have executed the agreement in Exhibit A;

(e)   stenographic and clerical employees associated with the individuals identified above in subparts (b), (c), and (d) , but only as part of a disclosure to said persons in accordance with this stipulation and order;

(f)   outside vendors who perform litigation services including, but not limited to, computer database preparation, photocopying, translation, graphics, design, animation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services;

(g)   trial consultants and mock jurors who have executed the agreement in Exhibit A (which shall be maintained by the retaining party); and

(h)   any other person as to whom the Parties in writing agree. Counsel desiring to make a disclosure to individuals pursuant to this Subparagraph shall provide written notice to Counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents, or things to be disclosed at least fourteen (14) calendar days before any Confidential Information is made available to such person(s).  With the written notice shall be included a fully executed copy of Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating Party to determine whether such disclosure might cause injury to the designating Party.  If the designating Party makes a

written objection to the disclosure to such person(s) within the fourteen (14) day period, no disclosure of the designating Party's Confidential Information may be made to the person(s).  If the Parties cannot resolve the issue, the Party seeking disclosure may thereupon seek an appropriate order from the Court for permission to disclose the Confidential Information to such person(s), and the procedures set forth in Paragraph 15 for independent experts or consultants shall be employed in seeking such relief.

13.    Information    designated    "HIGHLY    CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be viewed only by the persons listed in Subparagraphs 12(a), (b), (c), (e), (f), (g), and (h).  Such information shall not be disclosed to an officer, director, in-house counsel, or any employee of a Party, unless otherwise agreed in writing or ordered by the Court.  If disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material is made pursuant to this Paragraph, all other provisions in this Order with respect to its confidentiality shall also apply.

14.    All    materials    or    discovery    materials    designated    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed by the receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below unless and until such designation is removed either by agreement of the Parties, or by order of the Court, and, in any event, shall not be used for any purpose other than in connection with this litigation.  The designation of materials or discovery materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not preclude any Party from showing the materials or discovery materials to any person (a) who appears as the author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document; (b) who has been identified

by the designating Party as having been provided with the document or thing or with all of the information therein; or (c) who participated in any meeting or communication in which the document or thing was included.  In addition, nothing in this Protective Order shall bar or otherwise restrict a producing party or non-party from having access to or using, without notification of any other party or non-party, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"  materials that the producing party or non-party has produced in this action.  Where a receiving party designates a document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" solely because it contains the Confidential Information of a disclosing party (for example, in a pleading or brief), nothing limits the disclosing party from showing the designated document to anyone.

**Experts and Consultants**

15.    Independent experts or consultants, including their secretarial and clerical personnel, may receive Confidential Information subject to the advance approval of such expert or consultant by the producing Party or by permission of the Court through the following procedure:

a.  The Party seeking approval of an independent expert or consultant shall provide the producing Party with the name, present employer and title, *curriculum vitae*, a description of any work/employment, consultations, and/or engagements relating to prosthetics or orthotics technology the expert or consultant has had in the preceding ten years, an identification of all past or present affiliations with any Party, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing Party to the expert or consultant.  To the extent that there is a confidential employment or consultation arrangement, the proposing party may designate the

necessary portion(s) of the expert disclosure as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", as appropriate, and shall also concurrently provide a redacted version of the expert disclosure containing no confidentiality designations.

b. The producing Party shall have ten (10) calendar days after receipt of the identification of the expert or consultant and the signed form of Exhibit A to object in good faith, in writing, to disclosure of Confidential Information on the basis that disclosure of Confidential Information to the proposed expert or consultant would result in material risk of disclosure or misuse of the Confidential Information, and to request a conference of counsel in accordance with Local Rule 37-1.  The producing Party shall specify the grounds for objection, including a description of any alleged prejudice to the producing Party if the proposed disclosure is made.

c. Unless a party notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefor, within ten (10) calendar days after the receipt of a copy of the Notice referred to in Subparagraph (a) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material pursuant to the terms and conditions of the Protective Order.

d. Should the opposing Party timely notify proposing counsel of its objection, the Parties shall meet and confer within seven (7) calendar days and, if not resolved, the objecting Party shall have seven (7) calendar days from the conference of counsel within

which to provide its portion of a Joint Stipulation seeking a protective order preventing the proposed disclosure.  The parties shall follow the procedures set forth in Local Rule 37 for completing the filing of the Joint Stipulation and any other related papers.

e.  Where a timely objection is made, no designated material shall be disclosed to the consultant or expert until the day after the last day for the objecting party to provide its portion of a Joint Stipulation seeking a protective order (where the objecting party does not timely provide its portion of such a Joint Stipulation), or upon entry of the Court's order denying the producing party's motion for protection.  Failure of the objecting party to timely provide its portion of such a Joint Stipulation shall be deemed a waiver of any objection to the disclosure of information to the proposed independent expert or consultant, subject to the terms of this protective order.

16.    Following the first proper disclosure of Confidential Information to each independent expert or consultant, the procedures of Paragraph 15 need not be repeated for subsequent disclosures to that same independent expert or consultant.

**Designations Relating to Depositions and Inspections**

17.    Testimony taken at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by making a statement to that effect on the record at the deposition. Arrangement shall be made with the court reporter taking and transcribing such deposition to conspicuously mark the cover page and any pages designated during the deposition, conference, hearing, or trial as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY".  Further, the transcript of any deposition shall be considered "HIGHLY CONFIDENTIAL

ATTORNEYS' EYES ONLY" material for a period of fourteen (14) calendar days after receipt of the transcript by counsel taking the deposition, during which period either Party may designate information as Confidential Information by preparing a list of the page and line numbers of the transcript identifying the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material.  The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and information sufficient to clearly identify the deposition.   Each counsel shall affix the list to the face of the transcript, and shall mail copies of the list to counsel for all Parties so that the list shall be affixed to the face of the original and each copy of the transcript.  Absent any such designation on the record or during the above-stated fourteen-day period, the undesignated transcripts (or portions thereof) shall be deemed non-confidential following the fourteen-day period.

18.   If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding (a) "CONFIDENTIAL" material, then only persons designated in Paragraph 12 above (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition; or (b) "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material, then only persons designated in Paragraph 13 above (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition. This Paragraph shall not be deemed to authorize disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material to any person to whom disclosure is prohibited under this Protective Order. It shall be the obligation of the party that produced the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material to invoke this

-12-

provision.

19.    If a producing Party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, that Party need not label the documents and things in advance of that inspection. For purposes of the inspection, all documents within the produced files will be considered as having been preliminarily marked "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY".   During the inspection, the inspecting Party shall select specific documents or groups of documents for copying by a professional copy service at the inspecting Party's own expense.   No copies shall be made or retained during the inspection.   After receiving the copies of the selected documents from the copy service, the producing Party shall have fourteen (14) calendar days to review and mark the copies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material, as appropriate, and thereafter produce those copies to the inspecting Party within the above-stated fourteen-day period.   <u>All</u> documents selected for production by the inspecting Party must be produced by the producing Party within the fourteen-day review period, or must be otherwise identified on an accompanying privilege log.   Any document identified on the privilege log may be withheld, and its inclusion in the documents for inspection shall not be deemed a waiver of any privilege.

**Objections to Designations**

20.    At any stage of these proceedings, any Party may object to a designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."  The Party objecting to the confidentiality designation shall notify, in writing, counsel for the designating Party of the objected-to materials and the grounds for the objection.   If the dispute is not resolved by agreement between the Parties within ten (10) calendar days of receipt of such notice, then the objecting Party may apply to

the Court for relief by motion.  Any such Motion for Protective Order shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2. The materials at issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," as designated by the designating Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

21.    If any Party disagrees at any stage of the proceedings with a confidentiality designation, the Parties shall first attempt to resolve any such dispute in good faith on an informal basis:

(a)    The Party challenging the designation shall provide to the producing Party written notice of the disagreement, specifically identifying the Confidential Information in dispute and articulating the challenging Party's basis for its challenge of the confidentiality designation.

(b)    The Producing party shall respond in writing to the challenging Party's notice within seven (7) calendar days, articulating the basis for the producing Party's designation with sufficient particularity to enable the challenging Party to move the Court for permission to disclose the Confidential Information.

(c)    If the dispute cannot be resolved between the Parties without intervention from the Court, the Party challenging the confidentiality designation may move the Court requesting appropriate relief.  Any such Motion for Protective Order shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2.  In any such question brought before the Court, the Party asserting the confidentiality designation shall bear the burden of proving by clear and convincing

evidence that the information should be maintained at the level designated by the designating Party. The materials at issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," as designated by the producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

**Inadvertent Disclosure or Production**

22. If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, then the producing Party may give written notice to the receiving Party that the document or thing produced is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving Party must treat the materials or discovery materials accordingly, once the designating Party so notifies the receiving Party. If the receiving Party has disclosed the materials or discovery materials before receiving the designation, then the receiving Party must notify the designating Party in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

23. Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of privileged or work product protected material shall not constitute a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine. Employing electronic keyword searching to identify and prevent disclosure of

privileged material constitutes "reasonable steps to prevent disclosure" under Rule 502(b)(2) of the Federal Rules of Evidence.  The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence.

24.    If information is produced in discovery in this matter that is subject to a claim of privilege or protection as trial-preparation material, then the Party making the claim may notify any Party that received the information of the claim and the basis for it within fourteen (14) calendar days of having discovered that such information was produced.  After being notified of the claim, a Party receiving such information must promptly return or destroy the specified information, any copies thereof, and any notes regarding those materials.  The receiving Party must confirm in writing that it has returned or destroyed the specified information and any copies thereof.  If the receiving Party disclosed the information before being notified, then it must take reasonable steps to retrieve it.  The party returning such information may move the Court for an order compelling production of such information, including on the grounds that such production was not inadvertent or unintentional. However, the inadvertent production of privileged or otherwise protected materials cannot be a basis for seeking production.  The producing Party must preserve the information until the claim is resolved.

**Discovery from Non-Parties**

25.    Non-party witnesses may invoke all of the provisions of this Order which are available to the Parties.  This provision does not abridge a non-party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a Party, either on the non-party's own motion or on a motion brought on its behalf by an objecting party.  The Party seeking production from a non-party witness who may possess Confidential Information of the other Party shall have the duty to provide a copy of this Order to that

non-party witness prior to any production from that witness.  The Party seeking production shall also have the duty to inform that non-party witness of its rights under this Order and its ability to designate any material it produces as Confidential Information.  In addition, the Parties shall treat the Confidential Information of non-parties in accordance with the terms of this Order.

**Filing Documents with the Court**

26.     Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise reveals material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be marked on the front cover with the appropriate legend set forth in Paragraph 8.  All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" materials that are filed with the Court for any purpose shall be filed under seal. Any party seeking to file any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" materials under seal shall first seek permission from the Court in accordance with the Court's Local Rules, including L.R. 79-5, and the Court's Initial Standing Order entered in this action (Dkt. No. 12).  With respect to the materials sought to be filed under seal, the filing Party shall select only those documents, or portions thereof, that it reasonably believes in good faith are necessary to be included in its papers to support the filing, and shall (as required by the Court's Initial Standing Order) prepare a proposed redacted version of the materials that would be available for public viewing.

27.     If the filing Party has carefully complied with L.R. 79-5 and the Court's Initial Standing Order, but the Court nevertheless denies the filing Party's application to file certain materials under seal, and those certain materials were designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the opposing Party, then it shall be the

opposing Party's burden and obligation to demonstrate why those materials have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."  Within five (5) calendar days of the Court's decision, the opposing Party that designated the materials in question may file a renewed application to seal the materials.  If the opposing Party does not file a renewed application within that time period or the Court denies the renewed application, the filing Party shall be permitted to file those materials with the Court without seeking further permission so that the materials are available to the public upon filing.  Notwithstanding the foregoing, if the Court denies the original application to file certain materials under seal because the filing Party has not complied with L.R. 79-5 and/or the Court's Initial Standing Order, then it shall be the obligation of the filing Party to first comply with that Local Rule and/or Order before imposing the obligations of this Paragraph on the opposing Party.

**Disclosure Required by Law, Court Order, or Subpoena**

28.    Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.  Nothing herein shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

29.    If any Party is subpoenaed in another action, served with a demand in another action to which it is a Party, or served by any legal process by one not a Party to the above-captioned action, seeking information that was designated by an opposing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," then the Party shall give written notice by hand delivery or e-mail transmission within ten (10) calendar days of receipt of such subpoena, demand, or legal process to the opposing Party who designated the information and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order.

30.    Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any court or administrative order requiring production of information subject to this Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**Retention of Materials**

31.    All information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the producing or disclosing Party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving Party identified in Paragraph 4, except that (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) independent experts or consultants authorized to view such information under the terms of this Order may retain custody of such copies as are necessary for their participation in this litigation but only for so long as is necessary for their participation in the litigation.

32.    All Confidential Information shall be held in confidence by those inspecting or receiving it and shall be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information, shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to his or her own confidential and proprietary material.  If Confidential Information is disclosed to any person other than a person authorized by this Order, then the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make

every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

33.    Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

**Obligations after Termination of Action**

34.    This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Information under the terms of this Protective Order, with respect to any dispute over the improper use of such Confidential Items and with respect to any orders permitting materials to be filed and maintained under seal. Within sixty (60) calendar days after the final termination of this action, including any and all appeals, counsel for each Party shall, upon request of the producing Party, return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy the same at the option of the receiving Party and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and counsel will continue to be bound by this Order

with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed; however, if they are not destroyed, then the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

**Patent Prosecution Bar**

35.   Absent written consent from the producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information (hereinafter "Barred Individual") shall not be involved in the prosecution of patents or patent applications relating to systems or methods for controlling lower-extremity prosthetic or orthotic foot and/or ankle devices (including, but not limited to, the patents asserted in this action and any patent or patent application claiming priority to or otherwise related to the patents asserted in this action) (hereinafter "Barred Subject Matter") on behalf of any patent applicant or patentee (including, but not limited, any Party to this action), before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this Paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the preparation or presentation of unallowed and/or unissued patent claims for or to any foreign or domestic agency.  Prosecution includes, for example, original prosecution, reissue proceedings, and reexamination proceedings.  To avoid any doubt, "prosecution" as used in this Paragraph does not include advising or representing a party in litigation or in pre-litigation, including conducting analyses and rendering advice regarding the scope, assertion, or maintenance of allowed and/or issued patent claims vis-à-vis a system or method for controlling lower-extremity prosthetic or orthotic foot and/or ankle devices.  Further, to avoid any doubt, "prosecution" as used in this Paragraph does not include representing a party challenging a patent or patent application before a domestic

-21-

or foreign agency (including, but not limited to, a reissue, protest, *ex parte* reexamination or *inter partes* reexamination proceedings). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

36.     The preceding Paragraph shall not restrict consultation regarding strictly procedural or legal aspects of patent prosecution involving the Barred Subject Matter   (including, but not limited to, reissue, reexamination, *inter partes* review, or post-grant review proceedings) that do not involve the merits, substance, or technical nature of the patent prosecution. With respect to issued patents related to the Barred Subject Matter that are not the subject of a reissue, protest, *ex parte* reexamination, or *inter partes* reexamination proceedings, the preceding Paragraph shall not restrict consultation regarding the prior art to those issued patents. Further, the preceding Paragraph shall not restrict the Barred Individuals from providing to non-Barred Individuals invalidity contentions, prior art, claim construction arguments or positions that have been exchanged in litigation, and information or materials that do not contain Confidential Information (including in connection with patent prosecution, including, but not limited to, a reissue, protest, *ex parte* reexamination, or *inter partes* reexamination proceedings).

**Modification of Protective Order**

37.     This Order may be modified by agreement of the Parties, subject to approval by the Court. No modifications by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

38.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time. The Parties prefer that the Court provide them with notice of the Court's intent to

modify the Order and the content of those modifications, prior to entry of such an order.

**Miscellaneous Provisions**

39.    The restrictions and obligations set forth herein shall not apply to any information that:   (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving Party's knowledge legitimately and independently of the production by the designating Party.  Prior knowledge must be established by pre-production documentation.

40.    This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

41.    During the course of this action, a party may be requested to produce to another party material subject to contractual or other obligations of confidentiality, express or implied, owed to a non-party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality ("the disclosing party") shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order and shall inform the non-party of the contents of this Protective Order and specifically of this Paragraph. When such written notice is given to the non-party, the disclosing party will advise the potential receiving party that such notice has been given. The non-party shall have fourteen (14) calendar days

from receipt of the written notice in which to object to the disclosure in writing, if the non-party so desires. If the non-party consents to disclosure or if the fourteen (14) calendar days elapse without the non-party objecting to the disclosure, the requested information shall be produced in accordance with the terms of this Protective Order.  The parties may ask the Court to amend this Paragraph to add provisions governing circumstances where the non-party does not consent to the disclosure.

42.   Transmission by e-mail is acceptable for all notification purposes herein.

43.   Nothing in this Protective Order shall be construed to prevent a party or non-party from seeking such further provisions regarding confidentiality as may be appropriate.

44.   Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

45.   This Protective Order is not intended to govern any protections or restrictions related to the production, receipt, or maintenance of source code. The parties intend to negotiate a separate agreement regarding the process for receiving and maintaining source code.

46.   Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**IT IS SO ORDERED.**

Dated:  May 25, 2012

MARC L. GOLDMAN

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ÖSSUR HF, an Icelandic limited liability company, and ÖSSUR AMERICAS, INC., a California corporation, | ) Case No. SACV11-01759 JST(MLGx)<br>)<br>)<br>) **AGREEMENT TO BE BOUND BY**<br>) **PROTECTIVE ORDER** |
| Plaintiffs, | )<br>) Hon. Josephine Staton Tucker |
| v. | ) Hon. Marc L. Goldman<br>) |
| IWALK, INC., a Delaware corporation, | ) DISCOVERY MATTER |
| Defendant. | )<br>) |
| AND RELATED COUNTERCLAIMS | ) |

In consideration of the disclosure to me or production by me of certain information that is designated or, upon production, may be designated as subject to a Protective Order of the Court, I, _____, declare and agree as follows:

    1.    I am employed as _____ by _____, which has the following address: _____.

    2.    I have read the Protective Order entered in the above-captioned case, and I have received a copy of the Protective Order.

    3.    I agree to be bound by the terms of the Protective Order.

    4.    I agree that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order and only to assist counsel in the litigation of this matter.

/ / /

5. I agree that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information with anyone other than the persons designated in Paragraphs 4, 12, and 13 of the Protective Order.

6. I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

7. I understand that if I violate the terms of the Protective Order, then I may be subject to a contempt of court proceeding.

Dated:_____          Signed:_____

- 2 -